IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, #M52946, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-cv-01075-SMY ) |
| KRISTIE OTEY, LIEUTENANT BROOKHART, MAJOR ERICKSON, MAJ RAINS, UNKNOWN NURSE PRACTITIONERS and JOHN/JANE DOE 1-100, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, an inmate who is currently incarcerated at East Moline Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Plaintiff was injured during court-ordered medical testing for sexually transmitted diseases ("STD") at Robinson Correctional Center ("Robinson") on September 15, 2015. (Doc. 1, p. 5). Instead of a urine test, the nursing staff used a swab test that allegedly perforated his urethra. *Id*. He was then denied medical treatment for the resulting injury. *Id*. Plaintiff names numerous known and unknown prison officials in connection with claims asserted under the Fourth, Eighth and Fourteenth Amendments as well as Illinois state law. (Doc. 1, pp. 5, 7-8). He seeks a declaratory judgment and monetary damages against the defendants.[1] (Doc. 1, p. 6).

---

[1] In his request for relief, Plaintiff also sought a temporary restraining order and/or preliminary injunction in the form of a referral to an urologist. (Doc. 1, p. 6). The Court already considered and denied this request without prejudice on October 11, 2017, and Plaintiff has not renewed it. (Doc. 6).

1

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## The Complaint

Around 3:30 a.m. on September 15, 2015, Plaintiff was awakened and ordered to go to Robinson's health care unit ("HCU") for court-ordered STD testing. (Doc. 1 p. 5). There, he met with two unknown nurse practitioners ("Jane Doe ##1-2") who drew his blood. *Id*. Nurse Doe #2 then inserted a long cotton swab into Plaintiff's penis, causing him intense pain. *Id*.

Plaintiff strenuously objected to the procedure. (Doc. 1, p. 5). He insisted that a urine sample could have been used in lieu of the swab. *Id*. Because Nurse Doe #2 chose the more invasive procedure, Plaintiff suffered from pain, burning and stinging in his urethra that persisted long after the procedure was completed. *Id*. Hoping to alleviate the pain, Plaintiff tried urinating. *Id*. When he did so, he noticed that his urine was tinged with blood. *Id*.

Plaintiff met with Lieutenant Brookhart and Major Rains later the same morning. (Doc. 1, p. 5). He complained of a suspected perforation to his urethra. *Id*. They instructed him to return immediately to the HCU for treatment. *Id*.

When he did, Plaintiff was seen by two unknown nurses ("Jane Doe ##3- 4") and a third nurse ("Jane Doe #5") who he also refers to as "Nurse Kristie Otey." (Doc. 1, p. 5). Nurse Doe #3 assured Plaintiff that bloody urine and acute burning were normal. *Id*. She recommended that he drink plenty of water. *Id*. Plaintiff did not agree with this recommendation. *Id*. He insisted that the procedure resulted in a perforation or laceration of his urethra and that the recommendation to drink more water—like the procedure itself—was "wrong." *Id*.

Plaintiff met with Lieutenant Brookhart again in October and/or November 2015 and pleaded for treatment. (Doc. 1, p. 5). During the meeting, Plaintiff produced a Ziploc bag full of bloody tissue that he had saved. *Id*. Lieutenant Brookhart told Plaintiff that DNA evidence must be preserved in a dry paper envelope. *Id*. The officer nevertheless sent him back to the HCU for further treatment. *Id*.

In the HCU, Plaintiff was seen by Major Erickson and Nurse John Doe #1. (Doc. 1, p. 5). They conducted an external examination of his penis. *Id*. Nurse Jane Doe #6 stood observing. *Id*. Plaintiff insisted that he needed an immediate referral to an urologist for treatment of a suspected perforation or laceration to his urethra. *Id*. He was never referred to a specialist. *Id*.

In November or December 2015, Plaintiff received a response to an emergency grievance he filed on the date of his injury. (Doc. 1, p. 5). The grievance was "dismissive of Gakuba's injury." *Id*. His request for a referral to a specialist was also denied. *Id*.

Plaintiff wrote to an unknown Washington bureaucrat ("John Doe #2") to complain about the incident. (Doc. 1, p. 5). He described the medical procedure as a sexual assault that was performed in violation of the Prison Rape Elimination Act. *Id*. Plaintiff then asked John Doe #2 to visit him at Robinson during a planned tour of the facility. *Id*. John Doe #2 agreed to meet with Plaintiff and did so for approximately five minutes during his tour. *Id*. Plaintiff never heard from him again. *Id*.

Plaintiff filed a complaint pursuant to the Prison Rape Elimination Act with Lieutenant Brookhart. (Doc. 1, p. 5). Sometime thereafter, John Doe ##3-7 conducted a shakedown of his cell. *Id*. During the shakedown, they seized his "preserved DNA corroborating evidence" (the Ziploc bag containing bloody tissue). *Id*.

Plaintiff now claims that the swabbing procedure performed on September 15, 2015 caused him to suffer from acute burning, pain and stinging when urinating for weeks. (Doc. 1, p. 5). Years later, he still suffers from emotional distress and post-traumatic stress disorder. *Id*. He brings claims against the defendants under the Fourth, Eighth and Fourteenth Amendments, as well as Illinois state law. (Doc. 1, pp. 7-8).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

| | |
|---|---|
| **Count 1 -** | Eighth Amendment excessive force claim against Nurse Jane Doe #2 for using a swab test instead or a urine test on Plaintiff on September 15, 2015. |
| **Count 2 -** | Eighth Amendment claim against Nurse Jane Doe #1 for failing to intervene and stop Nurse Jane Doe #2 from using a swab test instead of a urine test on September 15, 2015. |
| **Count 3 -** | Fourth Amendment claim against Nurses Jane Doe ##1-2 for carrying out court-ordered medical testing using an invasive swab test instead of a urine test on September 15, 2015. |
| **Count 4 -** | Claim against Nurses Jane Doe ##1-2 under the Prison Rape Elimination Act for sexually assaulting Plaintiff by using a swab test on September 15, 2015. |
| **Count 5 -** | Fourteenth Amendment equal protection claim against Nurses Jane Doe ##1-4 and Nurse Kristie Otey (Nurse Jane Doe #5) for subjecting Plaintiff to "gratuitous injury" because of his race. |
| **Count 6 -** | Illinois assault and/or battery claim against Nurses Jane Doe ##1-2 for injuring Plaintiff on September 15, 2015. |
| **Count 7 -** | Eighth Amendment deliberate indifference to medical needs claim against Nurses Jane Doe ##1-4, Nurse Otey (Nurse Jane Doe #5), Lieutenant Brookhart, Major Rains, Major Erickson, and John Does ##1-2 for responding to Plaintiff's requests for medical treatment by recommending that he "drink plenty of water" or by denying the request. |
| **Count 8 -** | Conspiracy claim against Jane Does ##1-4, Nurse Otey (Nurse Jane Doe #5), Lieutenant Brookhart, Major Rains, Major Erickson, and John Does ##1-100 for agreeing to deny Plaintiff needed medical treatment for the injuries inflicted on September 15, 2015. |
| **Count 9 -** | Illinois state law claim for intentional infliction of emotional distress against Nurses Jane Doe ##1-4, Nurse Otey (Nurse Jane Doe #5), Lieutenant Brookhart, Major Rains, Major Erickson, and John Does ##1-100 for engaging in conduct that clearly violated Plaintiff's rights under state and federal law and caused him to suffer from PTSD. |
| **Count 10 -** | *Respondeat superior* claim against Wexford based on the unconstitutional conduct of its employees. |

The parties and the Court will continue using these designations in all future pleadings and

orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits. **Any claims not identified above but encompassed by the allegations in the Complaint are considered dismissed without prejudice from this action.**

## Claims Subject to Further Review

### Counts 1, 2 and 7

Counts 1, 2, and 7 survive preliminary review. All three claims arise under the Eighth Amendment, which prohibits the "unnecessary and wanton infliction of pain" on prisoners. U.S. CONST., amend. VIII; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Under the Eighth Amendment, a prison official cannot use force against an inmate "maliciously and sadistically for the very purpose of causing harm." *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). The Eighth Amendment also prohibits prison officials from responding to an inmate's serious medical needs with deliberate indifference. *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle*, 429 U.S. at 104-05). *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).

Plaintiff sets forth sufficient allegations to proceed with his Eighth Amendment claim in Count 1 against Nurse Jane Doe #2 for subjecting Plaintiff to the swab test; Count 2 against Nurse Jane Doe #1 for failing to intervene and stop the test; and Count 7 against Nurses Jane Doe ##1-4, Nurse Otey (Jane Doe #5), Lieutenant Brookhart, Major Rains, Major Erickson and Nurse John Doe #1 for responding to Plaintiff's requests for treatment of a suspected perforated urethra with deliberate indifference. However, as discussed more fully below, these claims shall be dismissed without prejudice against all other defendants.

**Count 6**

The state law claim[2] for assault/battery in Count 6 shall also receive further review. Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). Construing the allegations in the *pro se* Complaint liberally in favor of Plaintiff, the Court finds that the allegations support a claim for assault/battery against Nurse Jane Doe #2.

**Claims Subject to Dismissal**

**Count 3**

The Fourth Amendment governs claims of excessive force brought by arrestees, not prisoners. *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006); *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018 n. 14 (7th Cir. 2000). At the time Plaintiff was subjected to the swab test, he was a convicted prisoner. (Doc. 1, p. 5). Therefore, the Eighth Amendment, not the Fourth Amendment, governs Plaintiff's claims. *Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009). Because the Fourth Amendment is inapplicable in this context, Count 3 will be dismissed with prejudice.

**Count 4**

The Prison Rape Elimination Act does not support a private cause of action. *See Truly v.*

---

[2] Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), if the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). The Court has original jurisdiction over this civil rights action. Because the tort claims and federal claims arise from the same facts, the district court also has supplemental jurisdiction over Plaintiff's related state law claims for assault/battery in Count 6 and intentional infliction of emotional distress in Count 9.

*Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing Prison Rape Elimination Act claim). Therefore, Count 4 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 5**

In order to state a Fourteenth Amendment claim for the denial of equal protection of the law, a plaintiff must show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)).

In the Complaint, Plaintiff alleges that he was subjected to gratuitous injury because of his race. (Doc. 1, p. 7). The only allegation offered in support of this claim is that Plaintiff is African-American, and the nurses who performed the swab test on him are not. *Id*. Standing alone, this allegation is insufficient to support an equal protection claim against the defendants. The Complaint is otherwise devoid of any facts suggesting that the swab test was racially motivated.

Although the typical equal protection claim involves discrimination based on race, national origin or sex, the Equal Protection Clause also prohibits the singling out of a person for different treatment for no rational reason. *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013). To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson*, 719 F.3d at 783-84 (quoting *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). Plaintiff does make allegations suggesting that he was singled

out for any reason other than his race. In fact, he mentions no other inmates who were subject to STD testing at all.

Given the lack of allegations offered in support of this claim, the Court deems it appropriate to dismiss Count 5 without prejudice for failure to state a claim upon which relief may be granted.

**Count 8**

To establish the existence of a conspiracy, "a plaintiff must demonstrate that the conspirators ha[d] an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (citation omitted).

Plaintiff mentions a conspiracy, for the first time and only in passing, in his list of claims. The allegations otherwise offer no suggestion that the defendants reached any agreement to deprive him of his rights. As such, the Complaint does not set forth sufficient facts to state a claim of conspiracy that is "plausible on its face." *See Twombly*, 550 U.S. at 570. Accordingly, Count 8 will be dismissed without prejudice.

**Count 9**

The complaint allegations fall short of stating a claim under Illinois law for the intentional infliction of emotional distress against the defendants. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see*

*Lopez*, 464 F.3d at 720. The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citations omitted).

Plaintiff offers only conclusory allegations in support of this claim and satisfies none of these elements in the process. The fact that the test was performed pursuant to a court-order undercuts any claim that it was truly extreme and outrageous or that Nurse Doe ##1 or 2 intended to cause him harm by performing the test. (Doc. 1, pp. 5, 7-8). Further, Plaintiff's allegations of emotional distress are unsupported by any description of his symptoms, a formal diagnosis or his attempts to seek treatment for the same. *Id*. Without more, the allegations fail to state a claim upon which relief may be granted for intentional infliction of emotional distress. Accordingly, Count 9 will be dismissed without prejudice.

**Count 10**

Plaintiff cannot proceed with his claim against Wexford for several reasons. First, Wexford is not named as a defendant in this action. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"). Second, Plaintiff cannot rely on the doctrine of *respondeat superior* because it is inapplicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held individually liable under § 1983, a defendant must be "personally responsible for the deprivation of a constitutional right." *Id*. (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436

U.S. 658 (1978). For these reasons, Count 10 fails to state a claim upon which relief may be granted and will be dismissed with prejudice.

**Parties Subject to Dismissal**

As the Complaint fails to state a claim upon which relief may be granted against Jane Doe #6 and John Does ##2-100, these individuals will be dismissed without prejudice from this action. Jane Doe #6 is not named as a defendant in the case caption or in connection with any particular claim. She is mentioned only in passing in the statement of claim. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Plaintiff has not demonstrated that John Doe #2, the unknown Washington bureaucrat was acting under color of state law as required by § 1983. *West v. Atkins*, 487 U.S. 42, 49 (1988). A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003). Moreover, Plaintiff has included no allegations suggesting that this individual was "personally responsible for the deprivation of a constitutional right." *Chavez*, 251 F.3d at 651.

John Does ##3-7 shall also be dismissed. The only claims associated with these defendants are the conspiracy claim in Count 8 and the intentional infliction of emotional distress claim in Count 9, and these claims do not survive screening.

Finally, John Does ##8-100 are named in the case caption and in the list of claims. However, Plaintiff failed to mention these defendants in the statement of his claim. He has

included no allegations against them. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

## Identification of Unknown Defendants

At this juncture, Plaintiff will be allowed to proceed with Count 1 against Nurse Jane Doe #2, Count 2 against Nurse Jane Doe #1, Count 6 against Nurses Jane Doe ##1-2, and Count 7 against Nurses Jane Doe ##1-4 and John Doe #1. However, these defendants must be identified with particularity before service of the Complaint can be made on them.

Where a prisoner's Complaint states specific allegations describing conduct of unknown prison staff members sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, the Warden of Robinson Correctional Center will be added as a defendant, in his or her official capacity only, for the sole purpose of responding to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of these unknown defendants are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Pending Motion

The pending Motion for Service of Process at Government Expense (Doc. 3) is **DENIED**. Plaintiff is proceeding *in forma pauperis*. Because of this, he does not need to file a motion seeking service of this suit on the defendants. The Court will order service as a matter of course on those defendants who remain in the action pursuant to this screening order.

**Disposition**

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF ROBINSON CORRECTIONAL CENTER**, in his or her official capacity only, as a defendant in CM/ECF for the sole purpose of responding to discovery aimed at identifying the unknown defendants.

The Clerk is also **DIRECTED** to **SUBSTITUTE** Defendants **JANE DOE #1, JANE DOE #2, JANE DOE #3,** and **JANE DOE #4** in place of Defendants **UNKNOWN** in CM/ECF.

**IT IS HEREBY ORDERED** that the following claims survive screening and will proceed for further review: **COUNT 1** against Defendant **JANE DOE #2**; **COUNT 2** against Defendant **JANE DOE #1; COUNT 6** against Defendants **JANE DOE #1** and **JANE DOE #2**; and **COUNT 7** against Defendants **JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4, NURSE OTEY, LIEUTENANT BROOKHART, MAJOR RAINS, MAJOR ERICKSON,** and **JOHN DOE #1**.

**IT IS FURTHER ORDERED** that **COUNTS 3, 4,** and **10** are **DISMISSED** with prejudice and **COUNTS 5, 8,** and **9** are **DISMISSED** without prejudice, all for failure to state a claim upon which relief may be granted**.**

**IT IS ORDERED** that Defendants **JOHN/JANE DOE ##2-100** are **DISMISSED** without prejudice from this action because the Complaint fails to state a claim against them.

**IT IS ORDERED** that as to **COUNTS 1, 2, 6** and **7**, the Clerk of Court shall prepare for Defendants **JANE DOE ##1-4 (once identified), JOHN DOE #1 (once identified), KRISTIE OTEY, LIEUTENANT BROOKHART, MAJOR RAINS, MAJOR ERICKSON,** and **WARDEN OF ROBINSON CORRECTIONAL CENTER (official capacity only):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint,

and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JANE DOE #1, JANE DOE #2, JANE DOE #3, JANE DOE #4,** and **JOHN DOE #1** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants with particularity. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 1, 2017**

<u>s/ STACI M. YANDLE</u>
**District Judge**
**United States District Court**