IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER GAKUBA, )
)
        Plaintiff, )
)
vs. ) Case No. 17-cv-1075-SMY-RJD
)
KRISTIE OTEY, et al., )
)
        Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Robinson Correctional Center ("Robinson"). Specifically, Plaintiff alleges he was injured during court-ordered medical testing for sexually transmitted diseases ("STD"). After an initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. §1915A, Plaintiff was allowed to proceed on the following counts:

    **Count 1 -**     Eighth Amendment excessive force claim against Nurse Jane Doe #2 for using a swab test instead of a urine test on Plaintiff on September 15, 2015.

    **Count 2 -**     Eighth Amendment claim against Nurse Jane Doe #1 for failing to intervene and stop Nurse Jane Doe #2 from using a swab test instead of a urine test on September 15, 2015.

    **Count 7 -**     Eighth Amendment deliberate indifference to medical needs claim against Nurses Jane Doe ##1-4, Nurse Otey (Nurse Jane Doe #5), Lieutenant Brookhart, Major Rains, Major Erickson, and John Does ##1-2 for responding to Plaintiff's requests for medical treatment by recommending that he "drink plenty of water" or by denying the request.

Currently before the Court is a Motion to Dismiss Count 7 against Defendants Erickson, Rains, and Brookhart (Doc. 24), for failure to state a claim on which relief may be granted. Plaintiff did not respond to Defendants' Motion.

## Factual Background

In his Complaint, Plaintiff alleges that on September 15, 2015, he was awakened and ordered to go to Robinson's health care unit ("HCU") for court-ordered STD testing (Doc. 1 at 5). There, he met with two Nurse Practitioners ("Jane Doe ##1-2") who drew his blood (*Id*.). Nurse Doe #2 then inserted a long cotton swab into Gakuba's penis, causing him intense pain (*Id*.). He strenuously objected to the procedure and insisted that a urine sample could have been used in lieu of a swab. (*Id*.). Because Nurse Doe #2 chose the more invasive procedure, Gakuba suffered from pain, burning and stinging in his urethra that persisted long after the procedure was completed (*Id*.).

Gakuba met with Lieutenant Brookhart and Major Rains later the same morning (*Id*.). He complained of a suspected perforation to his urethra (*Id*.). They instructed him to return immediately to the HCU for treatment (*Id*.). When he did, Gakuba was seen by two unknown nurses ("Jane Doe ##3- 4") and a third nurse ("Jane Doe #5") who he also refers to as "Nurse Kristie Otey" (*Id*.). Nurse Doe #3 assured Gakuba that bloody urine and acute burning were normal (*Id*.). She recommended that he drink plenty of water (*Id*.). He did not agree with this recommendation (*Id*.). He insisted that the procedure resulted in a perforation or laceration of his urethra and that the recommendation to drink more water—like the procedure itself—was "wrong" (*Id*.).

Gakuba met with Lieutenant Brookhart again in October and/or November 2015 and pleaded for treatment (*Id*.). During the meeting, Gakuba produced a Ziploc bag full of bloody tissue that he had saved (*Id*.). Lieutenant Brookhart told Gakuba that DNA evidence

must be preserved in a dry paper envelope (*Id*.). The officer nevertheless sent him back to the HCU for further treatment (*Id*.).

In the HCU, Gakuba was seen by Major Erickson and Nurse John Doe #1 (*Id*.). They conducted an external examination of his penis (*Id*.). Nurse Jane Doe #6 stood observing (*Id*.). Gakuba insisted that he needed an immediate referral to an urologist for treatment of a suspected perforation or laceration to his urethra (*Id*.). He was never referred to a specialist (*Id*.).

## **Discussion**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a Complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the Complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her Complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Thus, a Complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, "[a]llegations of a *pro se* Complaint are held 'to less stringent standards than formal pleadings drafted by lawyers' … Accordingly, *pro se* complaints are liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme

Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). If an inmate is under the care of medical professionals, a non-medical prison official will generally be justified in believing that the inmate is in capable hands. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011).

Defendants Brookhart, Rains and Erickson argue they are non-medical personnel and Plaintiff's claim of deliberate indifference should be dismissed for failing to state a claim upon which relief may be granted against them. Plaintiff's Statement of Claim alleges that he met with Lieutenant Brookhart and Major Rains on September 15, 2015, complaining of a suspected perforation to his urethra. Plaintiff was instructed to return immediately to the HCU for treatment. Plaintiff also alleges he met with Lieutenant Brookhart again in October or November 2015 pleading for treatment. During this meeting, Lieutenant Brookhart again sent him back to the HCU for further treatment.

Plaintiff's allegations are insufficient to state a deliberate indifference claim against non-medical Defendants Brookhart and Rains. There is no allegation that Brookhart or Rains ignored Gakuba's complaints. In fact, when Gakuba reported his medical complaints to these defendants, he was sent to the HCU. Given that Gakuba was dispatched to the care of medical professionals, Defendants Brookhart and Rains were justified in relying on the medical staff to treat Gakuba's medical conditions. Because Gakuba has failed to allege sufficient facts to state a claim of deliberate indifference, Count 7 will be dismissed as to Defendants Brookhart and Rains.

Plaintiff's only allegation against Defendant Major Erickson is that he was present when Jane Doe 1 (purported nurse) conducted an external examination of his penis. Gakuba objected to the examination and requested that he be promptly seen by an urologist. Although Major Erickson was present during the treatment, he is non-medical personnel and therefore was justified in relying on the judgment of the medical staff to treat Gakuba's medical conditions. A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Gakuba has again failed to allege sufficient facts to state a claim of deliberate indifference, Count 7 will also be dismissed as to Defendant Erickson.

## Conclusion

The Motion to Dismiss (Doc. 25) filed by Defendants Brookhart, Rains and Erickson is **GRANTED**. Plaintiff's claims against Defendants Brookhart, Rains and Erickson are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

**DATED: May 4, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**