# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1075-SMY-RJD |
| | ) |
| KRISTIE OTEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 106), recommending that Plaintiff's Motion for Sanctions (Doc. 103) be denied and Defendant's Motions for Sanctions (Docs. 87, 102) be granted in part and denied in part. Plaintiff filed a timely objection (Doc. 111). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED**.

Plaintiff Peter Gakuba, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Robinson Correctional Center ("Robinson"). Plaintiff claims he was injured during court-ordered medical testing for sexually transmitted diseases ("STD"). Specifically, he alleges that instead of a urine test, the nursing staff used a swab test that perforated his urethra, and that he was then denied medical treatment for the resulting injury.

Defendant has moved for sanctions, asserting Plaintiff has repeatedly failed to provide

responses to written discovery, failed to comply with this Court's Orders compelling discovery (*see* Docs. 84, 90), and refused to take his properly noticed deposition. Defendant seeks reimbursement in the amount of $1,697.24 for the costs of the court reporter, attorney's fees, and the cost of the transcript. Additionally, Defendant seeks dismissal of the case pursuant to Rule 37(b)(2) for Plaintiff's willful failure to fully participate in his deposition and his continued failure to respond to written discovery.

In the Report, Judge Daly ordered Plaintiff to respond to Defendant's discovery requests, granted Defendant leave to reschedule Plaintiff's deposition, and warned Plaintiff that failure to comply with the Order could result in dismissal of his case. Judge Daly also recommended that the undersigned order Plaintiff to reimburse Defendant's Counsel for the cost of the court reporter appearance in the amount of $264.50.

Since Plaintiff filed a timely objection, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

The majority of Plaintiff's 31-page objection to the Report pertains to Judge Daly's discovery-related rulings during the pendency of this case, including Judge Daly's denial of his multiple requests for counsel and Orders requiring Plaintiff to respond to discovery. In reviewing a magistrate judge's ruling on a non-dispositive matter, a district judge should not

disturb the ruling unless it is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). Judge Daly's rulings are neither contrary to law or clearly erroneous. First, there is no constitutional or statutory right to court-appointed counsel in a federal civil case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Further, a litigant is obligated by the Federal Rules of Civil Procedure to comply with the discovery process. Thus, the Court finds no clear error in Judge Daly's rulings.

Regarding Judge Daly's sanction recommendation, Plaintiff asserts that he is indigent and should not be required to pay the court reporter costs associated with his failure to sit for his deposition. Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the Court may order sanctions if a party fails to appear for his deposition after being served proper notice. Sanctions may include the striking of pleadings or dismissal of an action. *Id.* Sanctions must also include the reasonable expenses of the moving party unless the "failure was substantially justified, or other circumstances make an award of expenses unjust." *Id.* at 37(d)(3).

Here, the total costs incurred by Defendants due to Plaintiff's failure to sit for his deposition was $1,697.24, including the costs of the court reporting and transcript, mileage for counsel, and attorney's fees billed for travel time. As such, the Court finds the recommended monetary sanction to be reasonable.

Accordingly, Judge Daly's Report and Recommendation is adopted in its entirety. Plaintiff's Motion for Sanctions (Doc. 103) is **DENIED** and Defendant's Motions for Sanctions (Docs. 87, 102) are **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **ORDERED** to reimburse Counsel for Defendant the cost of the court reporter appearance in the amount of $264.50. Failure to pay Defendant's cost by September 8, 2019 **SHALL** result

in dismissal of this action for failure to obey a Court Order pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED: August 8, 2019**

**STACI M. YANDLE**
**United States District Judge**