**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PETER GAKUBA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-1075-SMY-RJD** |
| | ) | |
| **KRISTIE OTEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Robinson Correctional Center ("Robinson"). Defendant moved for sanctions, asserting that Plaintiff has repeatedly failed to provide responses to written discovery, failed to comply with court orders, and refused to take his properly noticed deposition. Judge Daly issued a Report and Recommendation ("Report") recommending that the undersigned sanction Plaintiff for his failures to comply with the discovery process (Doc. 106).

On August 8, 2019, the undersigned adopted Judge Daly's Report in its entirety and ordered Plaintiff to reimburse Counsel for Defendant the costs of the court reporter appearance in the amount of $264.50 (Doc. 138). Plaintiff was warned that failure to pay the sanction would result in dismissal of this action. To date, Plaintiff has failed to pay the sanction. Now pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 139). For the following reasons, the Motion is **DENIED**.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party relief from a judgment

for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Plaintiff argues the Court has no authority to dismiss his case as a sanction and that Defense Counsel did not have the right to depose him. Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). A court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). "Pursuant to that authority, [the court] may impose appropriate sanctions to penalize and discourage misconduct." *Id.* Dismissal is appropriate where a litigant has "willfully abused the judicial process." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (citations omitted).

Plaintiff has once again failed to comply with an Order of this Court despite being warned on several occasions of the risks. Further, Plaintiff has presented no facts or evidence that would warrant Rule 60(b) reconsideration. Accordingly, Plaintiff's Motion to Reconsider is **DENIED** and this action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). All pending motions are **TERMINATED** as **MOOT** and the Clerk is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED: September 11, 2019

**STACI M. YANDLE**
**United States District Judge**